## No. 84
### BIVIN v. COURT
No. 19526. Supreme Court

On motion to certify; Dock. Jan. 2, 1926.

1231. VENUE—If, after an injury caused by the negligence of the owner of a motor vehicle, the injured party moves his residence to another county, may such party maintain an action in that county of the new residence under 6308 GC?

Court was injured in Elyria, by the negligence of Bivin in operating a motor vehicle, both parties residing in Elyria at the time of accident. Suit was filed in Lorain Common Pleas. At about the time the case was assigned for trial, Bivin moved to Huron County. The plaintiff, Court did not appear at the time of trial and the case was dismissed for want of prosecution, without prejudice and subsequently Court filed suit in the Huron Common Pleas upon the same facts, and summons was served by the sheriff of Lorain County. In the answer to the petition the defense was set up that the Huron County had no jurisdiction over the person of the defendant, Bivin.

A motion by Bivin for judgment was overruled by the Common Pleas which ruling was affirmed by the Huron County, Court of Appeals.

Bivin, in the Supreme Court, contends that the Common Pleas had no jurisdiction over his person, upon the theory that the section of the statute which permits an injured party to bring the action "against such owner in the County wherein such injured person resides," means the County in which the injured party resides at the time of the accident. Otherwise, it is argued, it would be possible for the injured party to begin actions in any county in the state in which she could acquire residence, get service upon the defendant, dismiss the action and move to another county, making it necessary for the defendant to follow plaintiff about the state.

Attorneys—G. Ray Craig Norwalk, and Fauver & Cheney, Elyria, for Bivin; Young & Young, Norwalk, for Court.

## No. 85
### STATE v. BOYATT
No. 19472. Supreme Court

Exceptions of Pros. Atty. Dock. Dec. 11, 1925; 3 Abs. 762.

333. CRIMINAL PROCEDURE—Is a criminal action may the defendant file motions to require the state to file a bill of particulars after indictments are returned?

Lynn Boyatt was the sanitary engineer of Lucas County. Twelve indictments were returned against him on April 3, 1925, for presenting false claim for payment out of public treasury. Demurrers were filed to these indictments and on May 22, 1925, these demurrers were sustained.

On May 23, 1925, twelve new indictments were returned against said Boyatt, different in substance, but based upon the same facts as those alleged in the first indictments, namely, the presentation by Boyatt as sanitary engineer of bills approved by him, to the commissioners for payment to two other individuals for rent due for the use by the sanitary engineer department of two cars, in fact owned by Boyatt himself, and which payments, when made out of the county treasury, he ultimately received.

On June 12, 1925, motions to quash these indictments were overruled and on June 16, 1925, Boyatt filed motions to require the State to file a bill of particulars; and on June 27, 1925, these motions were granted, to which the State excepted, and it is to the order of the court in granting these motions that the Prosecuting Attorney asks leave to file a bill of exceptions and to invoke the jurisdiction of the Supreme Court for the purpose of determining the correctness of that ruling.

The Prosecutor, in the Supreme Court, contends that the constitution of Ohio gives the legislature authority to provide practice and procedure; that courts have only such powers as exist under the constitution and laws enacted by the legislature; that as no provisions for bills of particulars in criminal cases have been provided by the constitution or legislature the court cannot require the state to file one.

Attorneys—Roy R. Stuart, Prosecuting Attorney, Toledo, for State; Judge A. C. Risinger, Eaton, for Boyatt.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

54. AGENCY.

To entitle a broker to commission, he must procure a purchaser who is ready, willing and able to meet the terms of the principal's contract. Geddes v. Painter, OA. 4 Abs. 50.

225. CHARGE TO JURY.

In an action for fraud for misrepresentations of the value of land, must the court in its charge clearly state what would constitute actionable representations as to the value of the land? Rogers v. Beck, et, OS. Pend. 4 Abs. 60.

276. CONDITIONAL SALES.

May the vendor under a conditional sale contract replevy the subject of the sale upon default in payments without tendering to the vendee any part of the amount paid? Shockey v. Thornburg Sales Co., OS. Pend. 4 Abs. 60.

297. CONTRACT.

To constitute a binding contract, the minds of the parties, as to the essential terms of the contract, must meet. Geddes v. Painter, OA. 4 Abs. 50.

301. CONTRIBUTORY NEGLIGENCE.

1. Where a motion for a directed verdict is made upon the ground that plaintiff's evidence raises presumption of contributory negligence, such evidence to be given the most favorable interpretation.

2. If the evidence is so interpreted, and no other inference than that of contributory negligence is drawn therefrom, and defendant's conduct is not wilful or malicious, duty of the court to direct verdict. Buell v. N. Y. C. R. Co., OS. 4 Abs. 58.

327. COURTS.

Has a Court of Appeals in a proceeding in error the right to take a view of the premises involved in the transaction? Kiefer Mach. Co. v. Ault, et, OS. Pend. 4 Abs. 61.

333. CRIMINAL PROCEDURE.

In a criminal action may the defendant file motions to require the state to file a bill of particulars after indictments are returned? State v. Boyatt, OS. Pend. 4 Abs. 62.

480. EVIDENCE.

A new trial will not be granted upon newly discovered evidence unless such evidence if submitted

(Continued on last page)